## New Castle v. Central District and Printing Telegraph Company, Appellant.

*Equity—Injunction—Insufficient facts—Review—Telegraph company.*

In an equity suit by a city to restrain a telegraph company from erecting poles in the streets, a decree continuing a preliminary injunction will be affirmed pro forma, and the case remitted for final hearing, where the facts are not specifically found, and where the record does not disclose them with sufficient certainty to afford any basis for a judgment on the merits.

Argued Jan. 27, 1902. Appeal, No. 23, Oct. T., 1902, by defendant, from decree of C. P. Lawrence Co., Dec. T., 1901, No. 3, continuing a preliminary injunction in case of City of New Castle v. Central District & Printing Telegraph Company. Before McCOLLUM, C. J., MITCHELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Motion to continue preliminary injunction.

WALLING, P. J., specially presiding, filed the following opinion:

The right to erect poles on the streets in question may be in the defendant; but the right to say where and how such poles shall be erected, is in the plaintiff. And the sixth section of the ordinance of 1899 provides a reasonable manner for the exercise of such right by the city.

The city did not lose the control of its streets by the fran-

chise granted the defendant.    The defendant may have acquired certain vested rights by virtue of the ordinance of 1882, and acts done pursuant thereto ; but the right to extend its lines and erect new poles upon the public streets wherever it may desire and in defiance of the city authorities cannot be conceded.    It is no hardship for the defendant to apply to the city councils for the location of the new poles for the proposed extension of its lines.    And should such application be refused, a different question would be presented.

The proviso to the ordinance of 1882 " that the poles of said company shall be located and erected under the supervision and approval of the city engineer," did not, in my opinion, vest in the defendant the right to have them so located for all time. For while the right to erect poles may be vested, yet, the right to have any particular official supervise such erection, is not. Surely any rights that the defendant may have acquired in streets, not yet occupied, would not be lost by the abolishing of the office of city engineer.

Nor can the erection of the poles in controversy be justified by the fact that, prior to the passage of the ordinance of 1899, the city engineer may have approved of such locations, for such approval was withdrawn before any of said poles were erected.    And in my opinion such approval by the city engineer was rendered invalid by the said ordinance as to poles not erected before its passage.    And, besides, the poles here in dispute were not erected under the supervision and control of the city engineer.

And, now, November 26, 1901, this case having been heard upon bill, answer and testimony, upon the rule to continue the preliminary injunction and upon due consideration thereof, said injunction is hereby continued until the further order of the court.    Such injunction, shall not, however, be so construed as to prevent the defendant from repairing its lines by replacing old poles with new poles on the same locations wherever it may deem proper to do so.

*Error assigned* was the decree of the court.

*B. A. Winternitz*, with him *John G. McConahy* and *Thomas Patterson*, for appellant.

*James A. Gardner*, city solicitor, for appellee.

PER CURIAM, May 5, 1902:

The facts are not specifically found, nor has a diligent examination of the record disclosed them with sufficient certainty to afford any basis for a judgment on the merits. The case must therefore go back for fuller investigation, and in the mean time it is for the interest of all parties that the situation on the ground should remain unchanged. The decree is therefore affirmed pro forma and the case remitted for final hearing.